## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELMUT JURKOWITSCH<br><br>      Plaintiff,<br><br>   -against-<br><br>THE CITY OF NEW YORK, P.O. MOHAMMED CHOUDHURY, INDIVIDUALLY and in his official capacity "JOHN DOES" #1-10, individually and in their official capacity of the NEW YORK CITY POLICE DEPARTMENT, CAPITAL ONE FINANCIAL CORP., MARK QUAIES, a Capital One Financial Corp. employee, and "JOHN DOES" #11-20 in their individual capacities and as employees of Capital One Financial Corp.<br><br>      Defendants. | **Civil Action No.: 14-CV-6810**<br><br><br>**AMENDED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Helmut Jurkowitsch ("Mr. Jurkowitsch" or "Plaintiff"), by his attorneys, RHA & KIM, LLP, alleges as follows:

### NATURE OF THE ACTION

1.  Mr. Jurkowitsch is a 57 year old man who was sitting patiently in the lobby of an open bank during normal business hours, waiting to cash his paycheck when he was wrongfully arrested and charged with criminal trespass.

2.  This action is brought to remedy claims of wrongful arrest in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, his rights under the New York State Constitution, and his other statutory and common law rights.

3.  Plaintiff seeks injunctive and declaratory relief, compensatory, punitive, and liquidated damages, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because this lawsuit alleges violations of the U.S. Constitution and raises questions of federal law.  Jurisdiction is also based upon 28 U.S.C. § 1343 because the lawsuit seeks relief for the deprivation of Plaintiff's Constitutional rights under color of state law.

5.      This Court has the authority to grant declaratory and injunctive relief, and other appropriate relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202.  A substantial, actual, and continuing controversy exists between the parties with respect to Plaintiff's claims for declaratory relief and injunctive relief.

6.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the event or omissions giving rise to the claims occurred in this District.

7.      The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

8.      That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

9.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10.      Mr. Jurkowitsch is a 57 year old resident of Queens, and is employed as a union engineer at Kaufman Studios in Astoria Queens.  Mr. Jurkowitsch is a loyal customer of Capital One Financial Corp., specifically of the branch located at 31-17 Broadway, Astoria, NY 11106, where he has deposited his paycheck every week for the past six years.

11.     Capital One Financial Corp. ("Capital One") is a corporation established under the laws of the state of Delaware, doing business in New York.

12.     On January 3, 2014, Capital One operated, maintained, managed, and controlled premises located a 31-17 Broadway, Astoria, New York, 11106.

13.     Defendant Mark Quaies, Branch Manager of Capital One, at all times relevant to this complaint was the Branch Manager of Capital One and an agent, servant, and/or employee of Capital One, located at 31-17 Broadway, Astoria, New York, 11106.  Defendant Mark Quaies is sued in his individual capacity and in his capacity as Branch Manager of Capital One.

14.     John Doe Defendants 11-20 are employees and/or agents of Capital One, whose identities are currently unknown, but whose identities will likely be ascertained through discovery.  Along with Capital One, John Doe Defendants 11-20, and Defendant Mark Quaies, these Defendants are hereinafter referred to as Capital One Defendants.

15.     Defendant, the City of New York ("NYC") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16.     NYC maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform functions of a police department as per applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, NYC.

17.     At all times hereinafter mentioned, the individually named Defendant P.O., Mohammed Choudhury, and Unidentified Officers/Detectives of the NYPD were employed as police officers and/or detectives for NYPD during the time period of the incident, were duly sworn police officers and/or detectives of NYPD, and were acting under the supervision of NYPD.

3

18.     John Doe Defendants 1-10 are police officers or other employees of the NYPD whose identities are currently unknown, but whose identities will likely be ascertained through discovery.  Together with NYC and Mohammed Choudhury, these Defendants are hereinafter referred to as NYCPD Defendants.

19.     At all times hereinafter mentioned NYCPD Defendants, either personally or through their employees, were acting under color of state law, statute, official rules, ordinance, regulation, custom, usages, and/or practice of the State or NYC.

20.     Each and all of the acts of the NYCPD Defendants alleged herein were done by the said Defendants while acting outside the scope of their employment by NYC.

## PROCEDURAL HISTOTY

21.     On November 19, 2014, Plaintiff filed the original complaint against the named-defendants.

22.     On February 13, 2015, Capital One Defendants filed their answer.

23.     Plaintiff hereby files this amended complaint as of right pursuant to Fed. R. Civ. P 15(a)(1)(B).

## FACTUAL ALLEGATIONS

24.     On Friday, January 3, 2014, at approximately 9:40 a.m., Mr. Jurkowitsch entered the Capital One Financial Corp. branch located at 31-11 Broadway, County of Queens, State of New York. ("Branch"), through the front door of the bank, which was unlocked.

25.     Upon information and belief, excluding Federal Holidays, Branch is open to the public on Fridays from 9 a.m. to 6 p.m.

26.     January 3, 2014 was not a Federal Holiday.

4

27.     Mr. Jurkowitsch has been a loyal customer of Capital One for over six years, and each Friday, it has been his practice to enter Branch for the purpose of depositing his weekly paycheck.

28.     Upon information and belief, there was no signage or other indication whatsoever that Branch was closed at the time Mr. Jurkowitsch entered.

29.     The lights in the lobby area were on at the time Mr. Jurkowitsch entered Branch.

30.     Mr. Jurkowitsch had no knowledge, either actual or constructive, that Branch was closed at the time he entered Branch.

31.     Upon information and belief, there were two people using the ATMs when Mr. Jurkowitsch entered Branch.

32.     Mr. Jurkowitsch entered the unlocked exterior front door of Branch, and he opened the unlocked lobby doors.

33.     When Mr. Jurkowitsch entered, a couple of Capital One employees were present inside Branch.

34.     Once inside the lobby of Branch, Plaintiff sat down to wait for a bank employee to assist him with depositing his paycheck.

35.     Upon information and belief, a Capital One employee called 911 several minutes after Mr. Jurkowitsch sat down waiting to deposit his paycheck.

36.     NYCPD Defendants arrived shortly after being called and arrested Mr. Jurkowitsch.  A total of six (6) uniformed police officers responded to the call and handcuffed Mr. Jurkowitsch.

37.     NYCPD Defendants never asked Mr. Jurkowitsch to leave the premises.

38.     NYCPD Defendants did not have any knowledge sufficient to warrant that Mr. Jurkowitsch has committed or was committing a crime.

39.     NYCPD Defendants did not have reasonably trustworthy information of facts and circumstances that were sufficient to warrant that Mr. Jurkowitsch has committed or was committing a crime.

40.     Neither Capital One Defendants nor NYCPD Defendants inquired into and/or investigated as to why Mr. Jurkowitsch was present inside Branch.

41.     Instead, NYCPD Defendants substituted their judgment for that of bank officials and arrested Mr. Jurkowitsch.

42.     Upon information and belief, NYCPD Defendants were aware of the facts that it was normal bank business hour, that there was no signage or any other indication whatsoever that Branch was closed, that the lights in the lobby area of Branch were on, that Mr. Jurkowitsch had no knowledge, either actual or constructive, that Branch was closed, that both exterior front door and lobby doors were unlocked, and that a couple of Capital One employees were present inside at the time Mr. Jurkowitsch entered Branch.

43.     NYCPD Defendants' awareness of the facts supporting Plaintiff's defense eliminated probable cause.

44.     NYCPD Defendants failed to properly assess the facts and circumstances confronting them at the time.

45.     Based on the facts and circumstances confronting NYCPD Defendants at the time, NYCPD Defendants should have inquired into Capital One employees' veracity.

46.     NYCPD Defendants failed to review the bank's surveillance records.

6

47.     Mr. Jurkowitsch is not homeless, nor was he garbed in such a way when he was arrested.

48.     Mr. Jurkowitsch was not under the influence of alcohol or any other intoxicants, drugs, or other medications at the time of the arrest.

49.     Mr. Jurkowitsch was calmly and patiently seated when the six (6) uniformed officers handcuffed and arrested him.

50.     At no time on January 3, 2014 did any of the defendants possess probable cause to arrest Mr. Jurkowitsch.

51.     At no time on January 3, 2014 or thereafter did NYCPD Defendants possess information that would lead a reasonable officer to believe that probable cause existed to arrest Mr. Jurkowitsch.

52.     As a result of his unlawful arrest, Mr. Jurkowitsch was taken into custody where fingerprints were taken, and where he was wrongfully subjected to the booking process employed by the police when they arrest criminals.

53.     As a result of his unlawful arrest, Mr. Jurkowitsch was placed in a cell for several hours at the 114th police precinct prior to being released.

54.     As a result of his unlawful arrest, Mr. Jurkowitsch was charged with Criminal Trespass in the Third Degree, a Class B misdemeanor, and was forced to obtain counsel to defend him against these charges.

55.     The charges were subsequently dismissed, as they utterly lacked substance and should never had been brought in the first place.

**DAMAGES**

7

56.     Plaintiff incurred mental anguish, emotional distress and injury, which are objectively reasonable based on the events described above.

57.     Plaintiff suffered humiliation, embarrassment, and damage to his reputation.

58.     Plaintiff was required to pay legal expenses for his criminal defense, and he was otherwise injured.

59.     Plaintiff was required to submit to fingerprinting and the other indignities of the criminal booking process.

## FIRST CAUSE OF ACTION
## STATE LAW NEGLIGENCE AS TO CAPITAL ONE DEFENDANTS

60.     Plaintiff repeats and incorporates by reference the allegations contained in all preceding paragraphs.

61.     Capital One Defendants owed a duty of care to Plaintiff, to refrain from making false accusations and causing his arrest for being lawfully on the premises during regular business hours for the purpose of conducting ordinary business.

62.     Capital One Defendants were negligent by falsely claiming that Plaintiff was trespassing on their property and/or committing burglary.

63.     Capital One Defendants were negligent in insisting that Plaintiff should be arrested.

64.     The negligence and negligent acts of Capital One Defendants were the proximate cause of Plaintiff's injury, as they directly led to his arrest and the financial and other consequences that followed.

65.     Capital One Defendants failed to use reasonable care in securing the building while closed from unwanted entrants, as they failed to lock the door to the lobby of the building during normal business hours.

66.     Capital One Defendants failed to use reasonable care informing the public that the business was closed, as the front door was open, lights in the bank were on, there was no signage indicating the business was closed, no security alarms signaled when the door was open, there was nothing restricting anyone from entering the building, and the posted hours indicated that the business was open to the public.

67.     Capital One Defendants failed to adequately advise potential entrants that the business was closed, as the door was unlocked, other people were in the bank, lights were on in the bank, the bank was closed during a time when it is usually open.

68.     Capital One Defendants failed to use reasonable care in operating their business, as Plaintiff remained in the lobby for a substantial amount of time prior to the police being called.

69.     Capital One is liable for the acts of individually-named defendant-employees under the doctrine of *respondeat superior*, as the employees were acting within the scope of their employment duties.

70.     The aforementioned occurrence and resulting injuries were caused wholly and solely by reason of the negligence, recklessness, and carelessness of Capital One Defendants, their agents, servants, and employees without any negligence on the part of Plaintiff.

71.     The aforesaid injuries did not result from any negligence or fault on the part of Plaintiff.

72.     The limitations on liability set forth in CPLR § 1601 do not apply by reason of one or more of the exemptions set forth in CPLR § 1602.

73.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE AS TO CAPITAL ONE

74.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

75.     Capital One had a duty to act with reasonable care towards its customer, Mr. Jurkowitsch, to prevent his unlawful arrest and detention.

76.     Capital One was grossly negligent in causing Plaintiff to be arrested.

77.     Capital One was grossly negligent in failing to exercise proper supervision, and in negligently hiring, training, and retaining the individually-named Capital One defendants whom Capital One knew, or in the exercise of due care, should have known were unfit to be entrusted with the duties of banking activities.

78.     Capital One was grossly negligent in failing to follow proper procedures for financial institutions.

79.     Capital One was grossly negligent in failing to follow proper procedures for investigations by financial institutions.

80.     The gross negligence and grossly negligent acts of Capital One were the proximate cause of Plaintiff's injuries, as but for their grossly negligent acts Plaintiff would not have been arrested.

81.     At the time and place of the occurrence herein described, the individually-named defendants were acting in the course and scope of their employment by Capital One.

82.     Capital One is liable for the acts of the individually-named defendants under the doctrine *respondeat superior*.

83.     The gross negligence and grossly negligent acts of Capital One Defendants caused Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.  Such damages are continuing.

84.     By reason of the foregoing, Plaintiff demands compensatory and punitive damages against Capital One Defendants.

**THIRD CAUSE OF ACTION**
**STATE LAW TORT FALSE IMPRISONMENT/FALSE ARREST AS TO CAPITAL ONE**

85.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

86.     Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York State Constitution in that Capital One Defendants instigated and caused the arrest of Plaintiff by providing false information to the police.

87.     These actions were caused by Capital One Defendants without any legal justification.

88.     Capital One Defendants did not merely call the police and file a complaint, but they also failed to disclose exculpatory video readily available and directed the police to arrest Plaintiff despite no illegal activity having occurred.

89.     Capital One Defendants falsely alleged that Plaintiff was trespassing despite knowledge that Plaintiff had entered through open bank doors during business hours and was patiently sitting waiting to cash his paycheck.

90.     Capital One Defendants falsely alleged that Plaintiff intended to commit a burglary despite knowledge that Plaintiff has been sitting for over 15 minutes waiting to cash his paycheck—something he has done regularly on Friday mornings at Branch for the past six years.

91.     It is clear that the police officers acted based upon the statements of Capital One Defendants and the false allegation that Plaintiff was trespassing and attempting to commit a burglary.

92.     Capital One Defendants implored NYCPD Defendants to arrest Mr. Jurkowitsch on unfounded and/or false accusations alone.

93.     NYCPD Defendants were acting at the behest of, for the benefit of, and on behalf of Capital One Defendants.

94.     NYCPD Defendants were acting as agents of Capital One Defendants, who had told NYCPD Defendants to arrest Plaintiff, that he was trespassing, and that he was attempting to commit a burglary.

95.     Capital One Defendants, in taking such steps, were acting with undue zeal to the point that the officers were not acting of their own volition but rather were importuned to act based upon the misrepresentations and actions of Capital One Defendants.

96.     Capital One Defendant instigated NYCPD Defendants to act, directed NYCPD Defendants, and affirmatively induced NYCPD Defendants to act.

97.     Capital One Defendants' actions procured the arrest of Plaintiff.

98.     NYCPD Defendants were not acting upon their own volition but had substituted Capital One Defendants' judgment for their own.

99.     The statements and actions of Capital One Defendants procured the confinement of the Plaintiff.  Plaintiff's confinement was intended, Plaintiff was conscious of the

confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

100.    The seizure and unlawful detention was caused by Capital One Defendants giving advice, encouraging, and importuning NYCPD Defendants to act without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

101.    That by reason of the unlawful seizure, Plaintiff incurred mental anguish, emotional distress, legal expenses, loss of reputation, humiliation, indignities, embarrassment, degradation, and he was otherwise injured.

102.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined by a jury, and an award of attorneys' fees is appropriate on this claim.

## FOURTH CAUSE OF ACTION
## STATE LAW INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AS TO CAPITAL ONE DEFENDANTS

103.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

104.    Capital One Defendants, by engaging in the conduct hereinabove described, intentionally and/or recklessly, and with the intention to cause Plaintiff severe emotional distress, acted in a shocking and outrageous manner exceeding all bounds of decency.

105.    Capital One Defendants' conduct proximately caused Plaintiff to suffer and to sustain extreme emotional pain, suffering and distress, and to otherwise sustain emotional damages.  Such damages are continuing.

106.    Capital One Defendants acted intentionally and/or recklessly, and showed utter disregard for the rights and well-being of Plaintiff.

13

107.    The negligence of Capital One, its agents, servants, and employees, while acting in the course and scope of their employment, proximately caused and permitted the individually-named defendants to be placed in a position where they intentionally, recklessly, and/or negligently caused Plaintiff to suffer and to sustain extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damage

108.    Capital One Defendants' conduct proximately caused Plaintiff to suffer, and Plaintiff continues to suffer, extreme emotional pain, suffering, and distress, and to otherwise sustain emotional damages.

109.    At the time and place of the occurrences herein described, the individually-named defendants were acting in the course and scope of their employment by Capital One.

110.    The individually-named Capital One defendants were acting within the scope of their employment by Capital One.

111.    Capital One is liable for the acts of the individually-named defendants under the doctrine of *respondeat superior*.

112.    By reason of foregoing, Plaintiff is entitled to compensatory and punitive damages against all Capital One Defendants.

## FIFTH CAUSE OF ACTION
## STATE LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO CAPITAL ONE DEFENDANTS

113.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs.

114.    Capital One Defendants, by engaging in the conduct hereinabove described, negligently caused Plaintiff to sustain severe emotional distress.

115.    Capital One Defendants' conduct proximately caused Plaintiff to suffer and continue to suffer extreme emotion pain, and to otherwise sustain emotional damages.

116.    At the time and place of the occurrences herein described, the individually-named defendants were acting in the course and scope of their employment by Capital One.

117.    Capital One is liable for the acts of the individually-named Defendants under the doctrine of *respondeat superior*.

118.    By reason of the foregoing, Plaintiff demands compensatory and punitive damage against the Capital One Defendants.

## SIXTH CAUSE OF ACTION
## FEDERAL CLAIM OF FALSE ARREST AS TO CAPITAL ONE

119.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

120.    Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United State Constitution pursuant to 42 U.S.C. § 1983.

121.    Said acts were caused by Capital One Defendants without any legal justification.

122.    Capital One Defendants did not merely call the police, but they also failed to disclose exculpatory video readily available, and directed the police to arrest Plaintiff despite no illegal activity having occurred.  The existence of such exculpatory video was known to Capital One Defendants at the time of the incidents described herein.

123.    Capital One Defendants falsely alleged that Plaintiff was trespassing and committing burglary despite knowledge that Plaintiff had entered through open bank doors during business hours and was patiently sitting, waiting to cash his paycheck.

124.    Capital One Defendants falsely alleged that Plaintiff intended to commit a burglary despite knowledge that Plaintiff has been sitting for 15 minutes waiting to cash his

15

paycheck— something he has done regularly on Friday mornings at that bank for the past six years.

125.    NYCPD Defendants acted based upon the statements of Capital One Defendants and the false allegation that Plaintiff was trespassing and attempting to commit a burglary.

126.    NYCPD Defendants were acting at the behest of, for the benefit of, and on behalf of Capital One Defendants.

127.    NYCPD Defendants were acting as agents of Capital One Defendants, who told NYCPD Defendants to arrest Plaintiff, that he was trespassing, and that he was attempting to commit a burglary, all of which was untrue.

128.    Capital One Defendants, in taking such steps, were acting with undue zeal to the point that the officers were not acting of their own volition but rather were importuned to act based upon the misrepresentations and actions of Capital One Defendants.

129.    The individually-named Capital One defendants were acting within the scope of their employment by Capital One.

130.    The Capital One Defendants instigated the NYCPD Defendants to act, directed the NYCPD Defendants, and affirmatively induced the NYCPD Defendants to act.

131.    Capital One Defendants' actions procured the arrest of Plaintiff.

132.    NYCPD Defendants were not acting upon their own volition but had substituted Capital One Defendants' judgment for their own.

133.    The statements and actions of Capital One Defendants procured the confinement of Plaintiff, Plaintiff's confinement was intended, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

134.     This seizure and unlawful detention was caused by Capital One Defendants giving advice, encouraging, and importuning NYCPD Defendants to act without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

135.     By reason of the unlawful seizure, Plaintiff incurred mental anguish, emotional distress, legal expenses, loss of reputation, humiliation, indignities, embarrassment, degradation, and he was otherwise injured.

136.     By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined by a jury, and an award of attorneys' fees is appropriate on this claim.

**SEVENTH CAUSE OF ACTION**
**FALSE IMPRISONEMENT/FALSE ARREST AS TO NYCPD DEFENDANTS**

137.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

138.     Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York State Constitution in that NYCPD Defendants arrested Plaintiff without probable cause.

139.     Plaintiff's arrest was without a warrant.

140.     NYCPD Defendants should have inquired into why Plaintiff was present inside the premises.

141.     NYCPD Defendants should have inquired into Capital One Defendants' accusations.

142.     NYCPD Defendants should have inquired into Capital One Defendants' veracity under the given circumstances confronting them.

17

143.    NYCPD Defendants failed to assess the facts and circumstances confronting them at the time.

144.    Plaintiff was conscious of the confinement, the confinement was intended, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

145.    The said seizure and unlawful detention occurred without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

146.    By reason of the unlawful seizure and false arrest, Plaintiff has been damaged as set forth above.

**EIGHTH CAUSE OF ACTION**
**FEDERAL FALSE ARREST CLAIM AS TO NYCPD DEFENDANTS**

147.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

148.    Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments of the United State Constitution pursuant to 42 U.S.C. § 1983, in that Plaintiff was illegally seized.

149.    Said acts were caused by NYCPD Defendants and Unidentified Defendants without any legal justification.

150.    Plaintiff's arrest was without a warrant.

151.    NYCPD Defendants should have inquired into why Plaintiff was present inside the premises.

152.    NYCPD Defendants should have inquired into Capital One Defendants' accusations.

153.    NYCPD Defendants should have inquired into Capital One Defendants' veracity under the given circumstances confronting them.

18

154.    NYCPD Defendants failed to assess the facts and circumstances confronting them at the time.

155.    NYCPD Defendants caused the confinement of Plaintiff, NYCPD Defendants intended to confine Plaintiff, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

156.    Said seizure and unlawful detention was caused by NYCPD Defendants acting without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

157.    By reason of the unlawful seizure, Plaintiff incurred emotional and pecuniary harm, suffered humiliation, mental anguish, embarrassment, damage to his reputation, and he was otherwise injured.

158.    By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined at trial, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## NINTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION
## OF EMPLOYEES BY NYC

159.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows.

160.    NYC has a duty to exercise reasonable care in hiring, training, supervising, and retaining its NYPD employees.

161.    NYC breached this duty by failing to exercise reasonable care in hiring Defendant Choudhury and Unidentified Officer/Detectives who arrested Plaintiff without probable cause or appropriate investigation.

162.    NYC breached its duty to exercise reasonable care in training Defendant Choudhury and Unidentified Officers/Detectives to ensure that they do not arrest citizens without probable cause to believe that arrest is appropriate and consistent with the law.

163.    NYC breached its duty to exercise reasonable care in retaining its NYPD employees by retaining Defendant Choudhury and Unidentified Officers/Detectives in this action.

164.    NYC breached its duty to exercise reasonable care in supervising its NYPD employees by failing to properly supervise Defendant Choudhury and Unidentified Officers/Detectives in this action.

165.    NYC promulgated police policies that were unconstitutional inasmuch as they permitted NYCPD Defendants and Unidentified Officers/Detectives, acting outside the scope of their employment and official duties, to violate the Constitution of the United States by arresting Plaintiff without probable cause.

166.    NYC knew or should have known of NYCPD Defendants and Unidentified Officers/Detectives' propensities to arrest innocent citizens without knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant that the person to be arrested has committed or is committing a crime.

167.    NYC knew or should have known of NYCPD Defendants and Unidentified Officers/Detectives' propensities to arrest innocent citizens without probable cause.

168.    But for these failures to exercise reasonable care in the hiring, training, retention, and supervision of Defendant Choudhury and Unidentified Officers/Detective, Plaintiff would not have been wrongfully arrested and subjected to the indignities and harms that resulted from it.

**TENTH CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**
**OF EMPLOYEES BY CAPITAL ONE**

169.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all preceding paragraphs and further alleges that.

170.    Capital One has a duty to exercise reasonable care in hiring, training, supervising, and retaining its employees.

171.    Capital One breached this duty by failing to exercise reasonable care in hiring the individually-named Capital One employees, who caused Plaintiff to be arrested and prosecuted without probable cause or appropriate investigation.

172.    The circumstances giving rise to the instant action demonstrate that Capital One was grossly negligent in the hiring and retention of Capital One employees.

173.    Capital One breached its duty to exercise reasonable care in training the individually-named Capital One employees to ensure that they do not cause the arrest or prosecution of customers without probable cause to believe that arrest is appropriate and consistent with the law.

174.    Capital One breached its duty to exercise reasonable care in retaining its employees by retaining the individually-named Capital One employees in this action.

175.    Capital One breached its duty to exercise reasonable care in supervising its employees by failing to properly supervise the individually-named Capital One employees in this action.

176.    Individually-named Capital One employees were acting outside the scope of their employment by Capital One.

177.    But for these failures to exercise reasonable care in the hiring, training, retention, and supervision of the individually-named Capital One employees, Plaintiff would not have been wrongfully arrested and subjected to the indignities and harms that resulted from it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1) On the first cause of action, judgment in favor of Plaintiff and against the Capital One Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trail;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

2) On the second cause of action, judgment in favor of Plaintiff and against the Capital One Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trail;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

3) On the third cause of action, judgment in favor of Plaintiff and against the Capital One Defendants and:

   a. An order awarding compensatory damages in an amount to be determined at trail;

   b. An order awarding punitive damages in an amount to be determined at trial; and

   c. Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

4)   On the fourth cause of action, judgment in favor of Plaintiff and against the Capital One

Defendants and:

   a.   An order awarding compensatory damages in an amount to be determined at trail;

   b.   An order awarding punitive damages in an amount to be determined at trial; and

   c.   Directing such other and further relief as the Court may deem just and proper,

      together with attorneys' fees, interest, costs, and disbursements of this action.

5)   On the fifth cause of action, judgment in favor of Plaintiff and against the Capital One

Defendants and:

   a.   An order awarding compensatory damages in an amount to be determined at trail;

   b.   An order awarding punitive damages in an amount to be determined at trial; and

   c.   Directing such other and further relief as the Court may deem just and proper,

      together with attorneys' fees, interest, costs, and disbursements of this action.

6)   On the sixth cause of action, judgment in favor of Plaintiff and against the Capital One

Defendants and:

   a.   An order awarding compensatory damages in an amount to be determined at trail;

   b.   An order awarding punitive damages in an amount to be determined at trial;

   c.   Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   d.   Directing such other and further relief as the Court may deem just and proper,

      together with attorneys' fees, interest, costs, and disbursements of this action.

7)   On the seventh cause of action, judgment in favor of Plaintiff and against the NYCPD

Defendants and:

   a.   An order awarding compensatory damages in an amount to be determined at trail;

   b.   An order awarding punitive damages in an amount to be determined at trial; and

    c.  Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

8)  On the eighth cause of action, judgment in favor of Plaintiff and against the NYCPD Defendants and:

    a.  An order awarding compensatory damages in an amount to be determined at trail;

    b.  An order awarding punitive damages in an amount to be determined at trial;

    c.  Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    d.  Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

9)  On the ninth cause of action, judgment in favor of Plaintiff and against the NYCPD Defendants and:

    a.  An order awarding compensatory damages in an amount to be determined at trial;

    b.  An order awarding punitive damages in an amount to be determined at trial; and

    c.  Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

10)  On the tenth cause of action, judgment in favor of Plaintiff and against Capital One Financial Corp. and:

    a.  An order awarding compensatory damages in an amount to be determined at trial;

    b.  An order awarding punitive damages in an amount to be determined at trial; and

    c.  Directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated:  March 6, 2015
       Bayside, New York                     Respectfully Submitted,

**RHA & KIM, LLP**

By:      /s/ Megan Rha

Megan Rha, Esq. (MR 2600)
Andrew D. Grossman, Esq. (AG 5302)
*Attorneys for the Plaintiff*
215-45 Northern Boulevard, Suite 200
Bayside, NY 11361
Tel: (718) 321-9797
Fax: (718) 321-9799

25