UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HELMUT JURKOWITSCH,

                Plaintiff,

   − against –                           **MEMORANDUM & ORDER**

THE CITY OF NEW YORK, P.O.                14 CV 6810 (PKC) (RML)
MOHAMMED CHOUDHURY, individually
and in his official capacity; "JOHN DOES"
# 1−10, individually and in their official
capacities of the New York City Police
Department; CAPITAL ONE FINANCIAL
CORP.; MARK QUAIES, a Capital One
Financial Corp. employee; and "JOHN DOES"
# 11−20 in their individual capacities and as
employees of Capital One Financial Corp.

                Defendants.
-------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

      This action arises from the alleged wrongful arrest of Plaintiff Helmut Jurkowitsch ("Plaintiff") on January 3, 2014, as he was sitting inside the lobby of a Capital One bank awaiting assistance to deposit a check. (Dkt. 19 ("Amended Complaint" or "Am. Compl.") ¶ 1.) Plaintiff commenced this action on November 19, 2014, seeking to recover against Defendants City of New York (the "City"), Police Officer Mohammed Choudhury ("Officer Choudhury"), and ten unidentified "John Doe" police officers, as well as Capital One Financial Corp., Capital One branch manager Mark Quaies, and ten unidentified "John Doe" Capital One employees. (*Id.* ¶¶ 2, 13−14, 18; *see* Dkt. 1.) Plaintiff's Amended Complaint asserts, *inter alia*, claims against the City, Officer Choudhury, and the unidentified police officers for false arrest in violation of his rights under the Fourth Amendment to the United States Constitution and New York State

law. (*See* Am. Compl. ¶¶ 137−46 (Seventh Cause of Action), 147−58 (Eighth Cause of Action).)[1]

Currently before the Court is the City's and Officer Choudhury's (the "City Defendants")[2] motion to dismiss Plaintiff's false arrest claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's arrest was supported by probable cause, or at least arguable probable cause entitling Officer Choudhury to qualified immunity. (Dkts. 26; 28 at 8, 11−23.)[3] Further, the City Defendants seek to dismiss all State law claims against them because Plaintiff failed to timely file a notice of claim pursuant to New York General Municipal Law. (Dkts. 28 at 8, 17−18.) For the reasons set forth below, the motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff was 57 years old at the time this action was commenced. (Am. Compl. ¶ 10.)[4] For the six years preceding his arrest on January 3, 2014, he deposited his paycheck every Friday

---

[1] The Amended Complaint asserts various theories of liability against the Capital One Defendants under New York common law, including negligence, false imprisonment, and infliction of emotional distress. (Am. Compl. ¶¶ 60−118.) Plaintiff has since withdrawn his claims for false arrest under 42 U.S.C. §1983 against the Capital One Defendants (Dkt. 21), as well as his claim for negligent hiring, training, retention, and supervision against the City (Dkt. 20).

[2] Plaintiff has not sought to amend his pleading to substitute individual defendants for the unidentified John Doe police officers. New York City Corporation Counsel thus has not entered an appearance on behalf of the unidentified officers, and the instant motion to dismiss pertains only to Plaintiff's claims against the City and Officer Choudhury. (*See* Dkts. 15; 26.)

[3] Citations refer to the pagination assigned by the ECF system, not the document's internal pagination.

[4] These facts are taken from Plaintiff's Amended Complaint, as well as from extrinsic documents that the Court may consider in ruling this motion. While a court ruling on a motion to dismiss generally is required to "look only to the allegations on the face of the complaint," *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007), it may also consider "documents attached to the

at the Capital One bank branch located at 31−17 Broadway in Astoria (Queens), New York (the "Capital One Branch"). (*Id.* ¶¶ 10, 27.) That branch was open to the public on Fridays from 9 a.m. to 6 p.m. (*Id.* ¶ 25.) On January 3, 2014, which was a Friday, Plaintiff entered the Capital One Branch at approximately 9:40 a.m. through the unlocked exterior front door. (*Id.* ¶¶ 24, 32,

---

complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner. Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (ellipses omitted).

As part of their present motion, the City Defendants submitted: (1) a 911 dispatcher call report, (2) a desk appearance ticket; (3) an affidavit from Defendant Mark Quaies and the criminal complaint; and (4) a certificate of disposition. (Dkt. 27 Exs. B−E; *see* Dkt. 28 at 9 n.1, 11.) The Capital One Defendants also submitted an affidavit in opposition to the motion, which attaches photographs and video footage of Plaintiff's arrest. (Dkt. 29 & Exs. A−B.) The Court takes judicial notice of the existence of the desk appearance ticket and certificate of disposition relating to Plaintiff's arrest. *See Weaver v. City of New York*, 13 CV 20, 2014 WL 950041, at *3 (E.D.N.Y. Mar. 11, 2014) ("A court may certainly take judicial notice of public records for their existence, such as an indictment or documents relating to the disposition of a criminal case.").

The Court declines, however, to consider the other materials submitted by Defendants since Plaintiff neither relied upon nor incorporated these materials to formulate his false arrest claim or draft his complaint. *See, e.g.*, *Martin v. Cnty. of Nassau*, 692 F. Supp. 2d 282, 289 (E.D.N.Y. 2010) (disregarding police reports and witness statements relating to false arrest claim because plaintiff did not rely on these documents in framing complaint); *Harrison v. HSBC USA Inc.*, 09 CV 1553, 2010 WL 99395, at *2–3 (S.D.N.Y. Jan. 6, 2010) (documents that officer relied on for plaintiff's warrantless arrest were not integral to drafting of complaint for false arrest claims). Nor can these materials fairly be deemed matters of public record whose accuracy are beyond question. *See* Fed. R. Evid. 201(b) (courts may take judicial notice of facts not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Abdul–Rahman v. City of New York*, 10 CV 2778, 2012 WL 1077762, at *4 (E.D.N.Y. March 30, 2012) (judicial notice did not apply to officer trial testimony, report prepared by officer, and memo book prepared by officer).

Finally, though the City Defendants request that the Court consider the 911 call report "for the fact that the statements were made" (Dkt. 28 at 9, n.1 (citing *Awelewa v. New York City*, 11 CV 778, 2012 WL 601119, at *9−10 (S.D.N.Y. Feb. 23, 2012)), that report is too vague regarding the identity, location, and basis of knowledge of the 911 caller for the Court to rely on in deciding this motion. For instance, while that report contains the notation "HOMELESS ML----TAKING THINGS FROM BANK", it does not specify whether this statement was made by bank personnel or an arresting officer. (Dkt. 27 Ex. B (Remarks).) The Court therefore will not consider these extrinsic materials in deciding the motion to dismiss.

42.) Two customers were using the ATMs when he entered. (*Id.* ¶ 31.) Plaintiff then proceeded to the bank lobby by opening the unlocked interior lobby doors. (*Id.* ¶¶ 32, 42.) The lights in the lobby were on, and there was no signage indicating that the bank was closed. (*Id.* ¶¶ 28−29, 42.) A couple of Capital One employees were present in the bank when Plaintiff entered. (*Id.* ¶¶ 33, 42.) Once inside the lobby, Plaintiff sat down and waited for a bank employee to assist him with depositing his paycheck. (*Id.* ¶ 34.)

Plaintiff alleges that a Capital One employee called 911 several minutes after Plaintiff sat down. (*Id.* ¶ 35.) While Plaintiff was seated in the lobby, six police officers, including Officer Choudhury, arrived at the bank, and handcuffed and arrested Plaintiff. (*Id.* ¶¶ 18, 36, 49.) The officers never asked Plaintiff to leave the bank premises. (*Id.* ¶ 37.) Plaintiff further alleges that the police officers never inquired into or investigated why Plaintiff was present in the bank lobby, nor reviewed the bank's surveillance records. (*Id.* ¶¶ 40, 46.)

After his arrest, Plaintiff was taken into custody, fingerprinted, subjected to the booking process, and placed in a cell for several hours. (*Id.* ¶¶ 52−53.) Plaintiff was charged with Criminal Trespass in the Third Degree, which was subsequently dismissed. (*Id.* ¶¶ 54−55.)

## DISCUSSION

### I. <u>Legal Standard</u>

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 570 (2007). In evaluating a Rule 12(b)(6) motion, a district court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* at 555–56; *see Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint that "tenders

'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 555 U.S. at 557). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]" *Id.* at 570.

## II.     State Law False Arrest or Imprisonment Claim

Plaintiff's seventh cause of action asserts a false arrest or imprisonment claim under New York State law against the City and Officer Choudhury, and unidentified police officers. (Am. Compl. ¶¶ 137−46.) Because Plaintiff has failed to comply with State law notice requirements, these claims must be dismissed. (*See* Dkt. 28 at 23−24.)

State notice of claim statutes apply to state law claims raised in federal court. *Parise v. N.Y.C. Dep't of Sanitation*, 306 F. App'x 695, 697 (2d Cir. 2009); *Hardy v. N.Y.C. Health and Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Failure to provide a notice of claim generally requires dismissal of a plaintiff's State law claims. *Hardy*, 164 F.3d at 793. New York State's General Municipal Law § 50–i requires a plaintiff seeking to recover against the City "to plead in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." *Hardy*, 164 F.3d at 794. In addition, a plaintiff must serve a notice of claim within 90 days after the claim arose. N.Y. Gen. Mun. Law § 50−e(1)(a); *see Berry v. Vill. of Millbrook*, 815 F. Supp. 2d 711, 724 (S.D.N.Y. 2011). In actions against a municipality for tortious conduct, any application for leave to file a late notice of claim must be presented to a State Supreme or County Court within one year of the 90−day period having elapsed. N.Y. Gen. Mun. Law § 50−e; *see In re Dayton*, 786

F. Supp. 2d 809, 825 (S.D.N.Y. 2011); *Campbell v. City of New York*, 825 N.E.2d 121, 122 (N.Y. 2005).

It is undisputed that Plaintiff failed to file a notice of claim prior to commencing litigation on November 19, 2014. (*See* Dkt. 32 at 16−18.) Plaintiff also does not dispute that he has not requested permission to file a late notice of claim and that the time to do so expired on April 3, 2015−−one year and 90 days after his January 3, 2014 release from custody. (*See id.*; Dkt. 28 at 24.) Nevertheless, Plaintiff contends that his failure to file a notice of claim should be excused on the basis of estoppel and waiver, and further asserts that the City Defendants are not prejudiced by his omission. (Dkt. 32 at 17−18.) Plaintiff's arguments are unavailing.

While the New York Court of Appeals has recognized "that 'peculiar circumstances,' such as those constituting waiver or estoppel, may prevent dismissal for failure to comply with statutory notice of claim requirements," here, Plaintiff has failed to set forth any "peculiar circumstances" to avoid dismissal. *See E. Coast Res., LLC v. Town of Hempstead*, 707 F. Supp. 2d 401, 407 (E.D.N.Y. 2010); *see also Salesian Soc'y., Inc. v. Vil. of Ellenville*, 362 N.E.2d 604, 605−06 (N.Y. 1977) (dismissal for failure to file notice of claim was inappropriate where the defendant village did not raise the notice issue in the six years since the commencement of suit, during trial, or on appeal)); *Bender v. N.Y.C. Health and Hosps. Corp.*, 345 N.E.2d 561, 564 (N.Y. 1976) (holding that estoppel can apply "to notice of claim situations" to bar the defense whenever it is raised, explaining that "[this] equitable bar . . . may arise by virtue of positive acts, or omissions where there was a duty to act"). The Court rejects as meritless Plaintiff's assertion that the City Defendants "induced" Plaintiff to sleep on his rights by acknowledging receipt of the complaint and asking Plaintiff to designate an agent for access to sealed records. (*See* Dkt. 32 at 16−17 (citing Dkt. 31 Exs. A−B).) Equally unsupported is Plaintiff's contention that

estoppel applies because the City Defendants deprived Plaintiff of the opportunity to request an extension of time to serve a late notice of claim within the statute of limitations by not raising the issue in their pre-motion letter. (*Id.* at 17−18 (citing Dkt. 31 Ex. C).) Aside from the principle that it is Plaintiff's responsibility to adhere with notice of claim requirements, Plaintiff's argument is factually incorrect: the pre-motion request, filed over one month before the expiration of the statute of limitations, explicitly sought to dismiss Plaintiff's State law claims on the basis that Plaintiff failed to allege that he had filed a timely notice of claim. (*See* Dkt. 15 at 2 n.2.) Moreover, because Plaintiff has not offered any "reasonable excuse" for his failure to serve a notice of claim other than a general assertion that the City Defendants were not prejudiced by the absence of a notice (*see* Dkt. 32 at 18), the Court is unpersuaded that an application for an extension would have been granted had one been presented to a State court.

Therefore, Plaintiff's State law claims against the City and Officer Choudhury are dismissed for failure to comply with State notice of claim requirements.

### III. Federal False Arrest Claims

In his eighth cause of action, Plaintiff brings a false arrest claim against the City, Officer Choudhury, and unidentified police officers under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") for arresting and placing him in custody without probable cause. (Am. Compl. ¶¶ 147−58.) "Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). A § 1983 claim for false arrest derives from the Fourth Amendment guarantee against unreasonable seizure. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

To analyze a § 1983 claim for false arrest, federal courts generally look to the law of the State where the arrest occurred. *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004); *see Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003). Under New York law, the plaintiff must establish that "the defendant intentionally confined him without his consent and without justification." *Weyant*, 101 F.3d at 852; *see Savino*, 331 F.3d at 75. "[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).

The Court first considers the City's liability under Section 1983 for the alleged false arrest. To assert a claim against a municipality under Section 1983, a plaintiff must plausibly allege that the violation of his constitutional rights resulted from the municipality's custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Smith v. City of New York*, 388 F. Supp. 2d 179, 187−88 (S.D.N.Y. 2005). Unlike claims under New York State common law, municipalities may not be held vicariously liable pursuant to Section 1983 for false arrest under a theory of *respondeat superior*. *Biswas v. City of New York*, 973 F. Supp. 2d 504, 536 (S.D.N.Y. 2013) ("for § 1983 claims, municipalities are not subject to liability under a theory of *respondeat superior*, but rather on the basis that their policies or customs inflicted the alleged injuries under the *Monell* doctrine"); *see Sankar v. City of New York*, 867 F. Supp. 2d 297, 313 (E.D.N.Y. 2012).

Insofar as Plaintiff asserts a claim against the City for false arrest or imprisonment, that claim must be dismissed. (*See* Am Compl. ¶¶ 18, 137−46.) Plaintiff has not alleged any facts to suggest that his arrest was the result of a City policy or practice. Nor has Plaintiff alleged any inadequacies in the City's training, or any nexus between any such purported inadequacies and the alleged constitutional violations. *See Walker v. City of New York*, 974 F.2d 293, 297–98 (2d

Cir. 1992). Notably, Plaintiff has withdrawn his Ninth Cause of Action against the City asserting a claim for negligent hiring, training, retention, and supervision of employees. (Am Compl. ¶¶ 159−68; Dkt. 20.) Since all State and federal claims against the City have been withdrawn or dismissed, the Court grants the City Defendants' request to dismiss the City from this action. (*See* Dkt. 28 at 24 n.5.)

The Court now addresses Plaintiff's remaining federal false arrest claim against Officer Choudhury in his individual and official capacities. As an initial matter, the Court finds that the Amended Complaint contains sufficient factual matter to support a false arrest claim. Plaintiff alleges that at the time of his arrest, he was sitting in the bank lobby during normal business hours, there was no signage indicating that the bank was closed, both the exterior and interior lobby doors were unlocked, the lights of the lobby were on, and Capital One employees were present in the lobby. (Am. Compl. ¶¶ 1, 24, 28−29, 32−33, 42−43, 45); *see Savino*, 331 F.3d at 75 (to prove false arrest under New York law, plaintiff must establish that "'(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged'") (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).

The City Defendants, however, seek dismissal of this claim on the ground that probable cause for Plaintiff's arrest was established by allegations in the Amended Complaint that a Capital One employee called 911. (Dkt 28 at 13, 15−18); *see Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.") (citation and internal quotation marks omitted). Specifically, the City Defendants maintain that Capital One's report gave Officer Choudhury a reasonable basis to

believe that Plaintiff was trespassing, committing burglary, or taking things from the bank. (Dkt. 28 at 13, 15−16.) Further, the City argues that at a minimum, Officer Choudhury is entitled to qualified immunity as to Plaintiff's false arrest claims. (*Id.* at 18−23.)

The standard for probable cause is "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852. The existence of probable cause is analyzed from an objective perspective and depends on the facts known to the arresting officer at the time of the arrest; the officer's state of mind is irrelevant. *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007). Of importance, in a false arrest case where, as here, "an arrest is not made pursuant to a judicial warrant," a defendant "bears the burden of proving probable cause as an affirmative defense." *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010); *see also Curry v. City of Syracuse,* 316 F.3d 324, 335 (2d Cir. 2003) ("The defendant has the burden of raising and proving the *affirmative defense of probable cause*.") (emphasis added) (internal quotation marks omitted). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers[.]" *Weyant*, 101 F.3d at 852.

In support of their probable cause argument, the City Defendants rely on cases holding that victim or eyewitness reports that someone committed a crime are sufficient to establish probable cause. (*See* Dkt. 28 at 12−16.) However, while a single victim or eyewitness identification ordinarily is sufficient to establish probable cause, that principle does not apply if there is reason to doubt the witness's veracity. *See Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) ("it is well−established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness,

10

*unless* the circumstances raise doubt as to the person's veracity") (emphasis added) (internal citation and marks omitted); *Weaver*, 2014 WL 950041, at *5 (victim or eyewitness complaints ordinarily establish probable cause, but circumstances that call into question the veracity of the complaint may require an arresting officer to investigate further prior to arrest).

Here, the Court cannot determine based on the Amended Complaint what information was communicated to the police during the 911 call or what information Officer Choudhury had at the time of Plaintiff's arrest, so as to find that probable cause existed to arrest Plaintiff. The only factual allegation in the Amended Complaint about the 911 call is that "a Capital One employee called 911 several minutes after [Plaintiff] sat down waiting to deposit his paycheck." (Am. Compl. ¶ 35.) Plaintiff has not, for instance, included factual allegations regarding the content of the caller's report, or the basis of the caller's knowledge regarding the report. (*Id.*)[5] At the same time, the circumstances of the arrest, as alleged in the Amended Complaint, permit the inference that the responding officers had reason to question the veracity of any purported

---

[5] Although the Amended Complaint contains what might be viewed as other *factual* allegations describing the content of the 911 call – *e.g.*, "[i]t is clear that the police officers acted based upon the statements of the Capital One Defendants and the false allegation that Plaintiff was trespassing and attempting to commit a burglary" (Am. Compl. ¶ 91), and "NYCPD Defendants were acting as agents of the Capital One Defendants, who told NYCPD Defendants to arrest Plaintiff, that he was trespassing, and that he was attempting to commit a burglary" (*id.* ¶ 127) – the Court does not interpret these allegations to be factual ones, but rather, the Court views them to be *inferences* that Plaintiff is asserting in support of his causes of action against Capital One. (*See id.* ¶¶ 88−91, 94, 123−27 (stating Third and Sixth Causes of Action against Capital One)). Indeed, the language in Paragraph 91, cited above, makes this evident: "*It is clear that* the police officers acted based upon . . . the false allegation [by the Capital One Defendants] that Plaintiff was trespassing and attempting to commit a burglary." (*Id.* ¶ 91 (emphasis added).) These inferences are based on the factual allegations in the Amended Complaint that someone from Capital One called the police and that Plaintiff was arrested and charged with trespass. (*Id.* ¶¶ 35, 54.) The Court accordingly rejects the City Defendants' suggestion that Plaintiff has conceded, as a matter of law, the existence of probable cause based on the allegations in the Amended Complaint. (Dkt. 28 at 15−16.)

eyewitness.[6] (*See id.* ¶ 42); *see also Lamont v. City of New York*, 12 CV 2478, 2014 WL 4829328, at *4 (E.D.N.Y. Sept. 29, 2014) (while the veracity of victims is assumed, "when doubts arise, the officer must investigate and corroborate" the report) (citing *Jean v. City of New York*, 09 CV 801, 2011 WL 4529634, at *4 (E.D.N.Y. Sept. 28, 2011)). Thus, at this stage of the proceedings, it is impossible to determine whether Officer Choudhury or the other responding officers had probable cause to arrest Plaintiff, and the Court declines to decide this issue based on the pleadings alone. *See Marom v. Town of Greenburgh*, 13 CV 4733, 2015 WL 783378, at *3 (S.D.N.Y. Feb. 23, 2015) (rejecting defendant's argument that false arrest claim should be dismissed on the basis that complaint conceded probable cause, where the Court found that the allegations instead raised factual questions regarding the circumstances of the arrest); *Humbach v. Canon*, 13 CV 2512, 2014 WL 6057703, at *7−8 (S.D.N.Y. Nov. 12, 2014) (denying motion to dismiss false arrest claim where there was sufficient factual matter to support a false arrest claim, and "holes in the narrative and contrary assertions [] ma[de it] impossible for the Court conclusively to determine that eyewitness reports gave [defendants] probable cause"); *Caidor v. M&T Bank*, 05 CV 297, 2006 WL 839547, at *5 (N.D.N.Y. Mar. 27, 2006) (finding that false arrest claim should not be dismissed on basis that officers had probable cause because complaint did not demonstrate the existence of probable cause, and because it was defendant's burden to prove probable cause).[7]

---

[6] Indeed, based on the documents that *Defendants* urge the Court to consider, there is reason to question whether the person who made the 911 call on behalf of Capital One was even an eyewitness. *See supra* footnote 4.

[7] Notably, the majority of cases cited by the City Defendants on the probable cause issue were decided in the context of summary judgment motions, based on fully developed evidentiary records. (*See* Dkts. 28 at 12−16; 33 at 4.) The few cases cited by the City Defendants that were decided on motions to dismiss are distinguishable from this action in that the complaints or judicially noticeable public records in those cases contained facts known to the officers at the time of the arrest that permitted the Court to assess the existence of probable cause. *See Villa v.*

The City Defendants also argue that, even if there was no probable cause for Plaintiff's arrest, Officer Choudhury is entitled to qualified immunity because the arrest was supported by "arguable probable cause." (Dkt. 28 at 18−23.) Qualified immunity protects a police officer from liability for civil damages if: (1) "'it was objectively reasonable for the officer to believe that probable cause existed,'" or (2) "'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 416 (2d Cir. 1999) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)); *accord Jenkins*, 478 F.3d at 87. This standard has been referred to as "arguable probable cause." *Cerrone v. Brown*, 246 F.3d 194, 202–03 (2d Cir. 2001). A mere mistake in judgment as to probable cause will not deprive public officials of qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The City Defendants' qualified immunity argument fails for the same reasons as its probable cause argument. While "there is no doubt that the right to be free from arrest without probable cause was clearly established" at the time of Plaintiff's arrest, *Jenkins*, 478 F.3d at 87 (citation omitted), because of gaps in the factual allegations relating to Plaintiff's arrest, and in particular what information was known to Officer Choudhury at the time of the arrest, the Court cannot determine at this stage whether it was objectively reasonable for Officer Choudhury to believe that he had probable cause to arrest Plaintiff. *See also Zellner*, 494 F.3d at 368 (when

---

*City of New York*, 11 CV 1669, 2013 WL 1385207, at *1, 4 (S.D.N.Y. Mar. 14, 2013) (complaint pled that store security personnel advised arresting officers that security personnel observed plaintiff removing merchandise, placing items his bag, and attempting to leave the store); *Awelewa*, 2012 WL 601119, at *3−4 (complaint alleged that plaintiff put merchandise in her handbag, and judicially noticeable public records confirmed that store personnel made statements to the arresting officer that they observed plaintiff concealing merchandise and attempting to exit the store); *see also Kanderskaya v. City of New York*, 11 F. Supp. 3d 431, 434−36 (S.D.N.Y. 2014) (complaint alleged that the victim complained to police that plaintiff threatened to kill him).

material facts pertaining to immunity are in dispute, the appropriate procedure is to allow the jury to resolve any disputed facts that are material to the qualified immunity issue, so that the court may make the "ultimate determination of whether the officer's conduct was objectively reasonable"); *Mack v. Town of Wallkill*, 253 F. Supp. 2d 552, 560 (S.D.N.Y. 2003) ("The problem here is that the factual record is in serious dispute, which precludes the Court from making the ultimate legal determination of whether a reasonable police officer would have believed he had probable cause to arrest [the plaintiff].") (emphasis omitted); *Hyde v. Arresting Officer Caputo*, 98 CV 6722, 2001 WL 521699, at *2 (E.D.N.Y. May 11, 2001) (given "conflicting plausible interpretations of [plaintiff's] arrest," it was improper to conclude on a motion to dismiss that it was reasonable for the officers to believe that probable cause existed). Thus, it is premature to make a finding with respect to Office Choudhury's entitlement to qualified immunity.

Accordingly, the motion to dismiss Plaintiff's § 1983 false arrest claim against Officer Choudhury is denied.

## *CONCLUSION*

In conclusion, the motion to dismiss the Amended Complaint for failure to state a claim filed on behalf of the City and Officer Choudhury (Dkt. 26) is DENIED in part and GRANTED in part. The motion is denied with respect to Plaintiff's federal false arrest claim under 42 U.S.C. § 1983 against Officer Choudhury. The motion is granted with respect to Plaintiff's federal false arrest claim under 42 U.S.C. § 1983 against the City, as well as all New York State law false arrest or imprisonment claims against the City and Officer Choudhury.

Defendant The City of New York is thus dismissed from this action, and the Clerk of Court is respectfully requested to amend the caption accordingly.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: December 9, 2015
      Brooklyn, New York